IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| RICHARD E. SEEGER,            )<br>                                                    )<br>            Plaintiff,       )<br>                                                    )<br>v.                                                 )<br>                                                    )<br>SUPERIOR DIESEL, INC. and  )<br>JIM DeMARTIN, d/b/a JDA,    )<br>                                                    )<br>            Defendants.    )<br>_____) | C.A. No.: 2:05-CV-2924-PMD<br><br>**ORDER** |

This matter is before the court upon Plaintiff's Motion to Remand this case to the Court of Common Pleas for Beaufort County, South Carolina. Defendants have filed a Response, and Plaintiff has filed a Reply. For the reasons set forth herein, the court grants Plaintiff's Motion to Remand.

**BACKGROUND**

On July 26, 2005, Plaintiff Richard E. Seeger ("Seeger") filed this action in the Court of Common Pleas for Beaufort County, South Carolina. In his Complaint, Plaintiff asserts breach of contract and negligence claims, arising out of allegedly defective repairs to his boat. On October 13, 2005, Defendants Superior Diesel, Inc. and Jim DeMartin ("Defendants") filed their notice of removal.[1] The notice of removal states: "This action is of a civil nature and involves claims for breach of contract and negligence relating to repairs to a vessel, and is therefore governed by admiralty law and is an action over which the District Court of the United States has original

---

[1] Defendant Superior Diesel, Inc. is a South Carolina corporation engaged in marine engine repairs and located in Charleston County, South Carolina. Defendant Jim DeMartin is a resident of Beaufort County, South Carolina, and he operates a marine engine repair business under the name of JDA.

jurisdiction pursuant to 28 U.S.C. § 1333. (Notice of Removal at 1.)

## DISCUSSION

A defendant may remove a civil action brought in state court if the case originally could have been brought in a federal district court. *See* 28 U.S.C.A. § 1441(a). Jurisdiction is established based on the allegations of the plaintiff's complaint filed in state court. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). Federal courts are presumptively without jurisdiction over civil matters, and the burden of establishing the contrary rests upon the party seeking jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Removal jurisdiction is strictly construed; in doubtful cases, the action must be remanded. *See Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir.1994).

In the case *sub judice*, Defendants assert that this court possesses admiralty jurisdiction pursuant to 28 U.S.C. § 1331 to adjudicate the breach of contract and negligence claims. Specifically, section 1333(1) grants federal district courts original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1331(1). Here, both parties agree that Plaintiff's claims are governed by admiralty law; however, Plaintiff argues that this case must be remanded to state court pursuant to *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354 (1959), and the "saving to suitors" clause in 28 U.S.C. § 1333(1).

The Fourth Circuit Court of Appeals has stated that the "saving to suitors" clause in 28 U.S.C. § 1333(1) "preserves a maritime suitor's election to pursue common-law remedies in state court." *Servis v. Hiller Sys., Inc.*, 54 F.3d 203, 206 (4th Cir. 1995). Moreover, the Supreme Court has determined that a claim brought in state court pursuant to the "saving to suitors" clause should

not be removable on the ground of general federal question jurisdiction. *See Romero,* 358 U.S. at 371-72. However, admiralty and maritime cases may "be removable to federal court when there exists some independent basis for federal jurisdiction, such as diversity of citizenship, or when federal jurisdiction is independently established by a federal maritime statute." *Servis*, 54 F.3d at 206-07 (citing *In re Dutile,* 935 F.2d 61, 63 (5th Cir.1991) and Thomas J. Schoenbaum, *Admiralty and Maritime Law,* § 3-13 at 117-18 (1987)).

In light of the aforementioned, Defendants argue in their Response to Plaintiff's Motion that "this case was properly removed because the complaint on its face is removable under section 1332, Diversity Jurisdiction." (Defs.' Response at 1.) Section 1332 provides in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states . . . ." 28 U.S.C. § 1332.[2] However, Plaintiff claims that pursuant to 28 U.S.C. § 1441(b), Defendants cannot base removal on diversity jurisdiction. Section 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable *only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441(b) (emphasis added). Thus, the statute expressly "forbids removal of a suit on the basis of diversity where a defendant is a citizen of a state in which suit is brought." *ITT Indus.*

---

[2] Defendants claim that complete diversity exists and that the complaint seeks damages in excess of $75,000.00. However, the court need not reach the merits of Defendants' somewhat creative argument that Plaintiff's Complaint seeks damages in excess of $75,000.00 because as Plaintiff points out, 28 U.S.C. § 1441(b) prevents Defendants from removing this case on the basis of diversity jurisdiction.

3

*Credit Co. v. Durango Crushers, Inc.*, 832 F.2d 307, 308 (4th Cir. 1987).

In the case *sub judice*, both Defendants are residents of South Carolina, the state in which Plaintiff originally filed this action. Accordingly, pursuant to § 1441(b), Defendants cannot rely on the existence of diversity jurisdiction to allow for removal of this action. Thus, without some independent basis for federal jurisdiction, this admiralty case is not properly removable, and therefore, the court grants Plaintiff's Motion to Remand.

## **CONCLUSION**

It is, therefore, **ORDERED**, for the foregoing reasons that Plaintiff's Motion to Remand is **GRANTED**.

                                                         **AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**December 21, 2005**